All right, so Ms. Hutchinson, you reserved two minutes for rebuttal. That gives you eight out of the gate. Actually, why don't we wait just for that door to close and then we'll move on to the next question.     In case there's noise. Okay, I think we're good. Thank you very much, Your Honor. Good morning. May it please the Court. Kendra Hutchinson of the Federal Defenders for the appellant in this matter, Mr. James Cooke. You know, this case presents interesting novel issues that I hope the Court has been seriously considering, and I know it will. Here, Mr. Cooke committed one offense and one offense only, and that is assault on a federal officer. On account of that, the official victim enhancement does not apply, and this is required by the plain language of the guideline and by commonplace interpretive principles. It is supported by sound policy and is also supported by the commentary, and it is notable in this regard, and I should really sort of front load this, that both parties in this case are in agreement that the text of the guidelines and the commentary are consistent. What we are disagreeing about is the interpretation, you know, of those two consistent. How can we take account of the guideline? Right, so you're not reading, you're actually, I thought the argument was we shouldn't read the guideline in isolation from the commentary, but you're saying even if we did, you think that the plain language of 3A1.2C wouldn't apply? You know, I think, in preparing for this argument, Your Honor, I think I have come to the position that the guideline itself, the text itself doesn't really make sense at all unless the Court considers, unless there is some other offense. Because it's a separate offense. Yeah. The person during the course of the offense or immediate flight therefrom, and if you're talking about assault of an officer, of course he assaulted the person during the course of the offense. I mean, it's a weird way to write it, but the literal language would apply, right? That's exactly right, Your Honor, that the language here, during the course of an immediate flight therefrom, does sort of make no sense without there being another offense. And so I think the commentary really explicates that and really, you know, brings this much clearer. I just want to go back to your first one. I understand why it wouldn't make sense because this enhancement applies. You have to know, you have to reasonably believe that the person is a law enforcement officer, right? So you could have an assault, an aggravated assault on someone who is a government official who you don't know is a government official, right? Yes, Your Honor. One can commit 18 U.S.C. 111B without knowledge that that person is. You know, the case law is pretty clear about that, without knowledge that that person is a government officer. You're saying if you also know, reason to believe, right, that the person was a law enforcement officer, then you get the sixth level? Or if you have such an interaction in flight from the offense, you get six levels. I don't understand why it wouldn't make any sense. I guess that's my issue. The problem here, Your Honor, is that the ‑‑ so to back up, this guideline requires, this guideline and commentary, it is our contention, and as we argued below, does require another offense. And so, Your Honor, in this instance ‑‑ Well, subsection C requires another offense, right? That's right. That's right, Your Honor. But subsection B does not require another offense. It does not necessarily require another offense. That's right. But C, the commentary begins in general. So, I mean, doesn't that kind of soften the requirement of the another, or lessen the freight that you're putting on that word in the commentary? Your Honor, the text of that commentary is quite clear, though. It doesn't ‑‑ you know, it doesn't ‑‑ it does not ‑‑ it would not make sense to provide this as just an example and have this be the sole example as the government is contending that this is interpreted. Instead, the only way to make sense of this is to apply the ‑‑ you know, it would be surplusage, basically. No, but it seems to me what the point is, is it's basically signaling that, as a general matter, this is covering the sorts of things that are covered for aggravated assault against a law enforcement officer, which is covered by a statute. And so this will apply in a broader range of situations. And so the goal is to let the reader understand that what we're talking about in this guideline is similar to what we're talking about in the statute. And that is the reading that the government is advancing, Your Honor. And we think that that ‑‑ But why is that not a plausible reading of that commentary? That is not a plausible reading in this instance, Your Honor, because it would not make sense that the guideline would just set out this one particular example and only mean that in that instance. In fact, if that's ‑‑ if it says in general, that means that what it's describing isn't a specific application of subsection C. It's describing how subsection C generally applies, right? And so the commentary is saying that generally, in general, subsection C applies when there's a separate offense, right? Yes, Your Honor. We're saying that subsection C applies generally. It's not like a novel circumstance that there's a separate offense. That's what always happens in subsection C. Yes. Subsection C is targeted towards, and the amendment history of this, the history of this guideline starting in 2004, was indeed targeted towards offenses that, you know, an assault that accompanies another offense, like a robbery and an assault, for example. But the reason why that's there as subsection C is because B talks about when the offense itself is against the official victim. So since that's what we have here, why doesn't B just apply? Like, so before you even get to C, right? Like, so the victim is a government officer, right? And the offense was motivated by that status, right? And the Chapter 2 guideline is from Chapter 2, Part A, right? The problem here, Your Honor, is that there is the explicit exclusion set out for the A, B, you know, the subsection B, and that is set out in the commentary. Yeah, but the explicit exclusion is about postal victims, right? That's right, Your Honor. But the preceding sentence sets out, for example, this adjustment would not apply, for example, where both. And then the next sentence after that, this adjustment also would not apply, suggesting, as we were talking before, that these are two examples for a more general principle. I know, but in that example, the postal example, that guideline provision gives you a two-level enhancement if the object was the theft of postal property. So there you have an enhancement that's based upon the motivation. Here, the prior enhancement just deals with, as we just talked about earlier, the fact that it's a law enforcement official, regardless of what your motivation was. So that postal guideline is not the same as what we have here. So I think Your Honor is getting at the fact that you're saying that the enhancement that we're talking about here does not necessarily cover the conduct that is the subject of the offense, basically. Yeah, and as Judge Menachie pointed out, B is pretty categorical, right? Other than that situation where the other guideline specifically gives you an enhancement that covers the conduct, B would otherwise apply to every situation, right? But if you read the actual enhancement in the robbery guideline, 2B.3.1, Your Honor, in fact, the enhancement applies when property of the post office was taken. This actually does not discuss knowledge in any way. I think you're right. It's weird. It's not totally obvious that the postal guideline is accounting for targeting a postal employee, but if we read this commentary, that's the way we should understand it, because the Sentencing Commission seems to think it does account for that status. But postal robbery is an economic offense, isn't it? Excuse me, Your Honor. Yeah, I was going to say, but the postal robbery guideline is unlike 2A.2.2, because 2A.2.2 expressly says, right, in Application Note 4, if subsection B.7 applies, 3A.1.2, official victim, also shall apply. And it even gives a whole background discussion about why that's not duplicative and why you should apply both of them in order to achieve the adequate amount of punishment. So even if I thought there was a general principle that I could apply to say I shouldn't stack 2A.2.2 and 3A.1.3, the guidelines expressly tell me, like, that's not the way this works. You should apply both. So, Your Honor is getting at something that we're really willing to concede here. We understand that Congress is allowing and, in fact, encouraging double counting in some instances. I mean, that's what this is about, right? That's what the B.7. I don't know if it's double counting, because you said if you're convicted under 111, you don't necessarily need to know that the person that you've assaulted is a government officer, and this guideline is an enhancement if you're motivated by his status as an officer. So it does seem like it might not even be duplicative. But I guess you're right. I guess I'm saying even if it is duplicative, the guideline itself says you should apply both. And that's right. And we understand Congress's intent here, Your Honor, is to, you know, enact, you know, is to heighten the penalties against assaults on officers. But, you know, our reading does not read that out. The requirement simply is, is that the conduct must meet the, you know, either B or C, you know, A, B, or C of the official victim enhancement. And here we're saying that it does not meet C. I think Your Honor is really getting at that, too, that even if it does not, which perhaps Your Honor is suggesting, you're saying that it meets B. But the exclusion in this instance, for whatever reason, Congress has decided to exclude particular offenses in which the, you know, the enhancement is already taken account of, and we contend that it was here. Now, you know, if there were another offense in this instance, you know, I was trying to think of situations, you know, this is, how could this result be? But that's weird, right? So you're saying that we should understand 2A2.2 as saying you need to apply 3A1.2. And then we go down and we say, well, actually, 3A1.2 applies, but then we should extract from the commentary a general principle that it doesn't apply? Yes. So, for example, Your Honor, if a defendant were convicted of two offenses or if he were charged with two offenses and pled guilty to one of them, but the other one was considered as relevant conduct. So, for example, if he pled guilty to the robbery, right? So if there's a robbery and an assault, he pleads guilty to the robbery, but the assault is the relevant conduct. The court could actually choose to score him and probably would calculate on both of those offenses to find out which one is more serious. And so in such an instance, the person would not be convicted of the 111B offense. But why does that make any sense? So if someone's running from a bank robbery and an FBI agent's chasing after that person and the person says, you know what, I'm going to assault that FBI agent, beats the agent up, you would say, okay, that's another offense. They don't get to two levels because it was a law enforcement officer. They get six levels because they knew it was a law enforcement officer. And that was the motivation. But if an FBI agent is standing outside, you know, Federal Plaza here and someone says, you know what, that's an FBI agent, I'm going to beat that FBI agent up, and they assault the FBI agent, they don't get the six-level enhancement, even though that was the motivation. That's the way it would work in your interpretation of the guideline, right? I mean, I think that's not anomalous, Your Honor, to punish somebody who has committed two crimes more highly or to give them a sentencing range that is higher and to sort of anchor the court's consideration. The whole point of this guideline is if the motivation is to hurt the person, or in this case to hurt the person because of their status, we want to give them more than just the two levels. We want to give them six levels for that. Isn't that the whole motivation behind this?  Well, I mean, I think the purpose of the entire, you know, of the act of 2003 was really just to punish these assaults in general. And I don't know that it differentiates between the intentional assaults versus ones that occur incidentally. In fact, I think that Congress is really intending to get at those assaults. And so it is not anomalous here to punish that person who commits two offenses more, you know, more. Yeah, but two offenses, as you said, that's really subsection C. It's not subsection B. I guess, I mean, before we talk about purpose, I want to talk about text, and then maybe I'll ask a question about purpose. So the text, right, so 2A2.2 in Application Note 4 says if subsection B7 applies, 3A1.2 also shall apply. So it says apply both. But then you're saying when you turn to 3A1.2, that guideline is telling you don't apply 3A1.2 if you've already applied B7 because there's a principle that B7 has already accounted for the aggravating circumstance. What I'm saying is... But, like, even if that's what it said, you know, wouldn't we say, well, Application Note 4 of 2A2.2 is the more specific statement. So it says we should apply both in this circumstance. And that makes especially good sense because the comments, the Application Note 4, no, sorry, Application Note 3, I don't know, where's the one about the postal, whatever the one is about the postal robbery. That Application Note just says here's an example where you wouldn't apply both. Right? And so you're inferring a general principle that would exclude the application of these two. But we have a specific statement in 2A2.2 in Application Note 4 that says apply both. But those are not inconsistent, Your Honor. So someone would, you know, the directive to apply 3A1.2 is as to any one of the subsections. So the person would turn to 3A1.2, would see the exclusion within B. No, I get it. You apply. You have to see if they meet the requirements. Yes, exactly. But you're admitting that he does meet the requirements of B. But then you're saying there's a kind of background principle about not stacking duplicative guidelines and that excludes B. But I'm saying there's a specific statement that says that background principle doesn't apply when you're applying 2A2.2 and 3A1.2. Because there's a specific statement in Application Note 4 of 2A2.2. And yet there is a specific, you know, Okay, fine. All right. I get that. The purpose thing. Before we get to that, because this is, I think, more in line with the text. I mean, it seems that the application note with respect to the postal employee clearly doesn't apply. I mean, that makes sense that there wouldn't be enhancement for that situation because this entire enhancement is for crimes that appear in Chapter 2, Part A, which is offenses against the person. And a postal robbery is an economic offense, which is in Chapter 2, Part B, of the guidelines. So it seems that by its very text, that just supports the reason why a postal employee or a postal robbery wouldn't get this enhancement. And I appreciate what Your Honor is saying. And the official victim adjustment does apply to all of the different chapter offenses, whether they're economic or, you know. Well, no, no. This one, 3A1.2B, is about crimes that are offenses against the person, which is what the underlying offense is here. The postal robbery is not. And so, therefore, of course it doesn't apply with respect to an enhancement under 3A1.2B. Well, it is our contention that the only way to harmonize these commentary notes and these application notes, in particular the one for Application Note 3, is to read it in that fashion. I mean, I guess your argument was that, you know, the commentary gives a reason for why you shouldn't apply both. And it's not because it's from a different chapter. It's because it already has an enhancement. But the way it says it has an enhancement is it says it has an enhancement that takes such conduct into account. So the question is, does the other enhancement here take it into account? So you said a moment ago that to violate 111, you don't need to know that the person is an officer. 2A2.2 follows directly from a conviction under 111, so there's no additional finding that you, the person, was an officer or whatever. But then 3A1.2 applies only if the person was motivated by the status of the victim as an officer. So that's conduct that has not been taken account either by the statute or by 2A2.2. So it's not actually already taken into account. Well, I think it is taken into account in the same way that the postal employee exception is taken into account because, again, if you look at the 2B3.1, the actual enhancement is property of a post office was taken. That is exactly analogous to the situation, Your Honor. The rest of the enhancement says or if the taking of such property was an object of the offense. So you have motivation built into the enhancement. No, absolutely. So in such an instance, Your Honor, then that conduct would coincide directly. But if it were just that the property of a post office was taken, and a great hypothetical for that is a postal inspector, plainclothes, is robbed, and he's robbed of his work cell phone, for example. So nothing about that would suggest that it's post office property. So that person would be subject to that enhancement, the property of the post office was taken, but would not have knowledge that that person necessarily was a postal employee or that this property even was postal. The argument depends on the idea that the postal thing is a general principle. I mean, it occurs to me just looking at Application Note 3 to 3A1.2, it says the adjustment would not apply, for example, where the defendant and victim were both employed by the government agency and there was a personal dispute. So the for example is about whether you're motivated by the status, right? Then there's just a sentence that says this adjustment also would not apply in the case of a robbery of a postal employee because the offense guideline for robbery contains an enhancement that takes such conduct into account. So the sentence about the postal robbery actually doesn't say this is just an example of a general principle, right? So, like, if the way to harmonize all of these instructions is to say postal robbery has a different scheme under the guidelines because, you know, we have a way to evaluate when you're robbing things from postal employees, why isn't that the way to harmonize everything as opposed to saying, well, I'm going to infer from this sentence that there's some broader principle that excludes the earlier guideline even though the earlier guideline tells me to apply this guideline? Because for whatever reason, Your Honor, in 1992 when Congress added this particular exception, the postal employee exception, that is where they added it. They added it to the application note that is concerning motivated by such status and they put it after another example of motivated by such status. And it's not immediately apparent, I think, to the people in this room exactly why this goes to motivated by such status in all instances. But Congress thought it was. Right. So, like, I don't know. So a way to read that is to say this adjustment would not apply, for example, where the defendant and the victim were both employed by the government agency and there was a personal dispute. That's an example of when you're not motivated by the victim's status. Then it says this adjustment also would not apply in the case of robbery of a postal employee. So the second sentence just says postal robbery is different. We have a scheme for that. It doesn't say that that's an illustration of some larger principle. And so you should just apply the motivated by such status test, which you acknowledged applies in this case. Which I acknowledge, I'm sorry, Your Honor. Like, would apply in this case, but for your idea that it would be duplicative or cumulative. And, you know, the fact that this postal exception was set out in the motivated by such status, it comes after another example, and it follows it with this adjustment also, we believe indicates it is an example of a larger principle, just as the sentence before is. And so for that reason, it does not apply here either. All right. Well. Thank you. We've kept you up there long enough. We'll now hear from Mr. Lee. Am I pronouncing that right? I'm sorry, Mr. Lai. Good morning, Your Honors. May it please the court. My name is Timothy Lai. I'm an assistant United States attorney representing the government in this appeal. I was also counsel in the district court below. Appellant James Cook's position amounts to an argument that an assault conviction under 18 U.S.C. Section 111B can never trigger the application of the official victim adjustment. With respect to 3A1.2C, Cook says there has to be another offense in addition to the assault itself. With respect to 3A1.2. Well, he's not just saying that. The guidelines themselves say that, right? It says that this C applies in circumstances when there's another offense, right? Well, that's that commentary that Your Honor is mentioning. As a general matter, if you look at the entirety of the guidelines and not just accusing Your Honor of doing this, but of looking just at that one part, the guidelines are clear that it's not just simply another offense, right? The guidelines in other places have been very clear. How is it clear? I don't know that it's clear. Well, if you look at the guidelines itself. I mean, I do think, you know, if you read 3A1.2C1 and it says assaulted such officer during the course of the offense or immediate flight therefrom, that would be a pretty weird way to write it if you're talking about the offense itself. Like, I don't know, when would you assault the officer in flight from assaulting an officer? Like, it's a weird way to write it. And then the commentary tells us, well, the reason it's written that way is because subsection C is about circumstances when you're committing one offense and in the course of it you assault an officer. And in our circuit, I know there's a debate about this, we consult the commentary alongside the guidelines. And as long as the commentary does not contradict the guideline, we give it weight. So why doesn't the guideline tell me that that's when subsection C applies? Well, Your Honor, exactly for the reason that Judge Sullivan mentioned. It's the word, first of all, it's in general, right? It's not a specific command of shall. Yeah, it's in general. It's not telling me, like, a particular application of subsection C. It's giving me the general interpretation of, like, what subsection C is about. It's about when you have two separate offenses. Understood, Your Honor. I think, again, if you look at 3A1.2, sorry, 3A1.2C1, the language is during the course of the offense or immediate flight therefrom. Your Honor indicated that that's sort of a weird – if applied to just the 2A2.2 would be weird. But because 3A1.2 applies to a wide variety of offenses – That's why it's written that way. Exactly, Your Honor. But actually, isn't that why the whole guideline is written that way? Because subsection B is about the actual offense being the assault. And then C, you know, captures circumstances in which you're assaulting an officer in the course of another offense. So why isn't just the more natural place for this offense 3A1.2B? Well, I think, Your Honor, going back to 2A2.2, there's a very clear instruction. The instruction is if subsection B7 applies – and, again, that refers to B7, which is – No, I agree with you. As I was saying to your opposing counsel, like it does say apply 3A1.2, but it doesn't say apply 3A1.2C. It says apply 3A1.2. So we apply 3A1.2, and we see how it would apply to this particular case. And so if this is an assault of an officer, I mean, you agree that 3A1.2B applies, right? Yes, of course, Your Honor. Like it's in a – like the applicable Chapter 2 guideline is an offense against the person, and the victim was a government officer, and the offense of conviction was motivated by that status, right? Yes, and if the court wishes to affirm on those grounds, it's certainly free to do so, Your Honor. Because the district court also said that that would be an alternative reason for applying the enhancement.  Okay, and so what about the argument opposing counsel makes that that would make it duplicative because 3A2.2, like the postal robbery guideline, also already accounts for the status of the officer? Well, Your Honor, as already briefed and as Your Honors have been discussing, the 3A1.2B punishes a very different aspect of the offense, right? It's about the motivation of the fact that the victim was a official, a federal official. On the other hand, 18 U.S.C. 111B doesn't have that requirement. It only – That's true, but the postal, as we also have pointed out, the postal robbery enhancement doesn't really do that either because the motivation is to rob a post office, and it's not obvious that you're motivated to attack an officer. I mean, I don't know, maybe you can infer that if you're robbing a post office, you're going to assault a postal employee. I guess that's the argument. It accounts for it that way. So, Your Honor, the example falls under the section or application note 323A1.2, and it's – the sort of heading is applications of subsections A and B, quote, motivated by such status. So the focus on that section is the motivation. The – there is no requirement under 3A – sorry, 18 U.S.C. 111B that there is a motivation, right? In fact, the only thing that 3 – that 18 U.S.C. 111B does is it's an enhanced penalty for use of a deadly or dangerous weapon or inflicting bodily injury. So that's a separate factor that 18 U.S.C. 111B and therefore 2A2.2 – 2A2.2B7 and commentary note number 4 are addressing. And so it's not duplicative at all, Your Honor, as the court has already discussed. So – And even if it were duplicative, I mean, do you agree with what I said earlier, that 2A2.2 has an express statement that says go ahead and apply – apply 3A1.2 because we want to apply both of them in cases where there's an official victim? In fact, it's not just go ahead. It's you shall – the word is also shall apply. So the force of that certainly, as Your Honor indicates, is in favor of applying it cumulatively. So given the plain language of 2A2.2, both the application note and the background section, by the way, which – that reference to the law that was passed, the 21st Century Department of Justice Appropriations Act, that act increased the penalties for under 18 U.S.C. 111B. And then in that same act instructed the commission to review the guidelines and, where appropriate, increase the – or increase the guideline range in a way that – to ensure punishment at or near the maximum penalty for the most egregious conduct covered under 18 U.S.C. Sections 111 and 115. So, again, thinking about how this works, if the appellant's argument is correct, and a federal officer who got struck in the eye and permanently has double vision, that's quite egregious conduct, essentially gets no enhancement or no adjustment under the official victim's guidelines, despite the fact that there's a very clear instruction in 2A2.2 that that should be the case. And because the court can affirm either under – But what do you think is the function of the sentence about postal robbery? So it's illustrating how we should interpret motivated by such status. And it says the adjustment would not – or also would not apply in the case of a robbery of a postal employee because the offense guideline for robbery contains an enhancement that takes such conduct into account. All right. So does that stand for a general principle that when the offense guideline takes the status of the officer into account, we should not apply 3A1.2a and b? It does not, Your Honor. And I can point to – give me one second here. So, first of all, again, the focus is on the conduct, not necessarily the status in a broad manner that the fact that it's official. And you can see that if you go to United States v. Saleem. When it's talking about no double counting, it says there is no double counting when it comes to – and it's, again, a different statute, but 18 U.S.C. section 114. While incorporating the victim's official status as an element does not require proof that the motivation of the attack was the victim's status. Right? So I think what appellant is trying to do is to have it be a broader principle that it's the status itself, not just purely the status as an official. The postal example is simply to show that if the guideline, for whatever reason, enhances you if you have a particular motivation, that would be the rare instance where you would not apply it. Isn't that what it's saying? That is correct, Your Honor. And, in fact, if your motivation to rob is to take the property of the post office, if that's the object of your offense, that's your motivation under the robbery guideline, you're going to get two levels for that. So that would be a situation where it's not just taking into account the status, it's taking into account the motivation. Exactly right, Your Honor. The argument that appellant is making is purely status, not about motivation. And if that were the case, it would completely nullify and make surplusage 2A2.2 and then instructions under that. That's the problem with their argument. It basically ignores 2A2.2. So for those reasons, particularly because their argument regarding 3A1.2B is on plain error review, the court should affirm the district court's sentencing determination and that the district court correctly determined that both sections 3A1.2B and 3A1.2C apply and independently support the application of the six-level enhancement. All right. Thank you very much, Mr. Lai. We'll now hear from Ms. Hutchinson for two minutes of rebuttal. The 21st Century Department of Justice Appropriations Act. My friend is asserting that that did not punish someone who assaults an officer except for through the official victim enhancement. That is not true. That is the act that put in B7 into 2A2.2 and that enhances your offense by two. So the 21st Century Department of Justice Appropriations Act did indeed do that. And so as a result of that, this argument does not ignore 2A2.2. In 2004, when this act was put into place, B7 was put into place as well and it was enhanced by two. So just because the official victim enhancement does not apply does not mean, Your Honors, that someone is not being punished for assaulting an officer. That is already built into 2A2.2. And just to briefly address the point. I understand. But 2A2.2 has that whole background section that says, well, to achieve, you know, that level of deterrence and punishment, we think you should apply both guidelines. Yes, it does, Your Honor, and that is stated. I mean, so your argument that says, well, it's already accounted for by 2A2.2. 2A2.2 itself says this guideline does not fully account for an official victim. Well, I'm not saying that it's already accounted for. I'm just saying that this does not, 2A2.2 does not leave unpunished someone who assaults an officer. That is not. Right, it doesn't leave it unpunished. That's right. But it says pretty expressly, we don't think that this is adequate. Like just stopping here is adequate when there's an official victim. We think you should, or not we think you should, like you should, you shall go apply 3A1.2. And we do not dispute that you should apply 3A1.2 if it applies, you know, if the criteria of A, B, or C are met. B cannot be met because the only way to read it that the postal worker exception is a broader principle that an enhancement, if the guideline has an enhancement. But what about what Judge Bianco said, which is, you know, 2A2.2 addresses the status. It says it's an aggravated assault if the victim is a government officer. But it actually doesn't do anything about the motivation of the defendant. That doesn't come into play until 3A1.2. Now, I don't know if the application note is right or wrong, that the offense guideline for robbery takes into account the motivation. But just a plain reading of application note 3 says whatever that exception is, it's about motivation. And as we apply both of these guidelines, we have not taken motivation into account until we apply 3A1.2. I mean, even assuming that this distinction is made, that 111B punishes like a narrower subset of conduct than does the enhancement. You know, even assuming that's true, the postal worker exception and the, you know, enhancement 2B1.3 does the same thing. It is analogous. So, as Your Honor, as Judge Bianco, as you noted, one portion of that says, you know, if the objective is to rob that property, that's right. And I think that gets exactly at the motivation. But the other portion of it states essentially it's a strict liability offense that if postal property is taken without anything to do with the status. That's the other part of it. The bottom line is if your motivation was to take postal property, you're going to get two levels under that robbery. So it doesn't apply because if that's your motivation, you're going to get it. The fact that you can get it in some other way without that motivation doesn't, to me, matter. It matters that if you're motivated to do it because it's a postal institution, a postal office, you're going to get the two levels. That's the key. But doesn't application note 2 sort of just clarify this completely? It basically says do not apply this adjustment if the offense level specifically incorporates this factor. The only offense guideline in Chapter 2 that specifically incorporates this factor is 2A2.4, obstructing or impeding officers, which is not this crime. No, that's right, Your Honor. So, I mean, why is that not just end of the story? Because that is one exclusion. You're absolutely right, Your Honor. Well, no, it's not one exclusion. It says the only offense guideline that incorporates this factor is a particular one. There's no other. You're suggesting that we should read a broad exclusion based on the example of the postal employee. But application note 2 seems to say no, there's only one example. I think that the exclusion is not as broad as Your Honor is suggesting because we're contending that C could be met in such an instance. So one way or another, one portion of 3A1.2 could apply. It is not that it shall not apply in general like application note 2. The Court has no further questions. All right. Well, thank you both. We will reserve decision.